WILLIAM B. MANNING and Wife et al. v. DAVID S. CRAIG, Surviving Executor of JOHN TERRILL, et al.

A testator bequeathed as follows:—" Two hundred and fifty-one shares of stock that I hold in the great western turnpike company, in the state of New-York, to remain unsold, and the dividends arising thereon I direct to be equally divided between my sons, J., D. and E., my daughters, M., M., S. and D., and my grand-child, O. S. T." *Held,* That the turnpike stock is an absolute specific legacy to be enjoyed by the receipt of the dividends.

The gift of the produce of a fund without limit as to time, is a gift of the fund; and the interest of each of the legatees is vested and assignable.

The court of chancery will lend its aid to carry out the intent of the testator, and to save the fund from loss or great depreciation, may change the mode of enjoyment.

THIS bill was filed by legatees under the will of John Terrill, deceased. One of the objects of the bill was, to recover from the surviving executor the dividends upon certain turnpike stock, and to have the stock itself divided among the legatees.

[Manning v. Craig et al.]

The bequest was as follows. "Item. Two hundred and fifty-one shares of stock that I hold in the great western turnpike company in the state of New-York, to remain unsold, and the dividends arising thereon I direct to be equally divided between my sons, Job, Dayton and Ephraim ; and my daughters, Mary, Margaret, Sarah and Deborah ; and my grand-child Oliver S. Terrill, son of my son Abel Terrill." Other matters were involved in the controversy, not, however, affecting the points decided by the chancellor. There were several parties interested, and answers were filed by different defendants. The cause was heard upon bill, answers, replication and proofs.

*Wall*, for complainant.

*J. H. Williamson*, for surviving executor.

*Lupp*, for S. Mundy.

*G. A. Vroom*, for the administrator of D. T. Terrill and others.

THE CHANCELLOR. The turnpike stock is an absolute specific legacy, to be enjoyed by the receipt of the dividends.

The gift of the produce of a fund, without limit as to time, is a gift of the fund.

The interest of each of the legatees is therefore vested and assignable.

The court of chancery will lend its aid to carry out the intent of the testator; and to save the fund from loss or great depreciation, may change its mode of enjoyment.

In this case, as the stock is depreciating, I think it should be divided among the legatees or their representatives.

In taking the account, the master will inquire,

First, Who are entitled to the stock and its dividends, and the amount of their respective interests.

Secondly, What amount of dividends the executor has received and paid out, and to whom paid ; how much remains in his hands, and to whom it is due, making all just allowances.

Order accordingly.